UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL ENGLE,

    Plaintiff,

vs.

JOHN ROTH, ACTING SECRETARY OF
THE AIR FORCE, *et al.*

    Defendants.

Case No. 3:20-cv-297

District Judge Michael J. Newman.,
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING DEFENDANTS' MOTION TO DISMISS (DOC. NO. 12); AND (2) GRANTING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT (DOC. NO. 14) WITHIN 14 DAYS OF THIS ORDER**

---

This case is before the Court on Defendants' motion to dismiss and Plaintiff's motion to amend his complaint. Doc. Nos. 12, 14. Plaintiff filed an opposition memorandum to the motion to dismiss (Doc. No. 13) and Defendants replied (Doc. No. 20). Likewise, Defendants filed an opposition memorandum to Plaintiff's motion to amend (Doc. No. 17) and Plaintiff replied (Doc No. 18). These motions are now ripe for review.

**I.**

Challenges to the Court's subject-matter jurisdiction under Rule 12(b)(1) come in two forms: facial and factual attacks. *See McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). "'A facial attack on the subject-matter jurisdiction' -- like the one Defendants make here -- 'questions merely the sufficiency of the pleading.'" *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). The Court accepts the allegations in the complaint as true against a facial attack. *Cooper v. Rapp*, 702 F. App'x 328, 331 (6th Cir. 2017).

The Court also assumes the veracity of the complaint's factual allegations under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007))). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678).

The Court freely grants leave to amend a please as justice so requires, *see* Fed. R. Civ. P. 15(a)(2), and when deciding to grant a motion to amend, the Court "consider[s] undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)); Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)).

## II.

Having carefully and thoroughly considered the pleadings and briefing in support of and in opposition to Defendants' motion to dismiss and Plaintiff's motion to amend his complaint, along with the procedural posture of this case, the Court believes that the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary

judgment, not earlier at the motion-to-dismiss phase of the litigation.  Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature.  *See, e.g.*, *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 181 (6th Cir. 2004).  To that end and for good cause shown, Plaintiff's motion for leave to amend is granted.  Fed. R. Civ. P. 15(a)(2).

### III.

Accordingly, Defendants' motion to dismiss is **DENIED**.  Plaintiff is **GRANTED** leave to file an amended complaint and shall do so within 14 days from the date of this Order.  If no amended complaint is timely filed, this case shall proceed on the initial complaint.  The Court anticipates reviewing Defendants' arguments on summary judgment after the completion of discovery.

**IT IS SO ORDERED.**

September 14, 2021

s/Michael J. Newman
Hon. Michael J. Newman
United States District Judge